GRIFFIS, J.,
Dissenting.
¶ 26. I respectfully dissent.
¶27. As to the first issue raised on appeal, the facts of this case do not fall under the exception to the mootness doctrine. The affidavit and application for commitment states that Bauman was a temporary resident of Kemper County, Mississippi, and that he had previously been under a doctor’s care in Marion, Virginia, for a prior diagnosis of bipolar disorder. Bauman’s parents live in Marion, Virginia. The certificate of discharge, executed by the director of Willowbrook Mental Health Facility, stated that Bauman was discharged to his brother for “return to Virginia” and outpatient care once there. Based on this evidence, there is no reasonable expectation that Bauman will be again subject to an involuntary commitment action in Mississippi and so the matter is moot. See Strong v. Bostick, 420 So.2d 1356, 1358-59 (Miss.1982).
¶ 28. I also do not find this issue to be of sufficient “public interest.” In Sartin v. Barlow, 196 Miss. 159, 170, 16 So.2d 372, 376 (1944), the Mississippi Supreme Court held “that there is an exception to the general rule as respect [to] moot cases, when the question concerns a matter of such a nature that it would be distinctly detrimental to the public interest that there should be a failure by the dismissal to declare and enforce a rule for future conduct.” This is simply not such a matter that rises to the level of the public interest exception.
¶ 29. As to the second and third issues, I also disagree. Mississippi Code Annotated Section 41-21-73(4) (Rev.2001) provides, in pertinent part, that:
If the court finds by clear and convincing evidence that the proposed patient is a mentally ill or mentally retarded person and, if after careful consideration of reasonable alternative dispositions, including, but not limited to, dismissal of the proceedings, the court finds that there is no suitable alternative to judicial commitment, the court shall commit the patient for treatment in the least restrictive treatment facility which can meet the patient’s treatment needs.
Based on this statute, the chancellor correctly considered the availability of space at East Mississippi State Hospital, and when adequate space was not available, the chancellor correctly made appropriate *1041 accommodation in his order of commitment.
¶ 30. My disagreement with the majority, however, relates to the chancellor’s determination that Bauman would be transported to Willowbrook Mental Facility, a private mental health facility, and be “temporarily retained at the expense of [Bau-man’s] private insurance pending space availability at East Mississippi State Hospital.” The majority finds that since Mississippi Code Annotated Section 41-17-1 (Supp.2003) provides that East Mississippi State Hospital must provide care and treatment free of charge, then Kemper County is responsible for the costs incurred at Neshoba County General Hospital and Willowbrook. This decision is not supported by the statute.
¶ 31. As quoted above, Mississippi Code Annotated Section 41-21-73(4) does not require that all individuals committed be placed with East Mississippi State Hospital or the Mississippi State Hospital at Whitfield. Indeed, “treatment facility” is defined as “a hospital, community mental health center, or other institution qualified to provide care and treatment for mentally ill, mentally retarded, or chemically dependent persons.” Miss.Code Ann. § 41-21-61(i) (Rev.2001). Both Neshoba County General Hospital and Willowbrook arguably fall within this definition.
¶ 32. Thus, simply because Mississippi Code Annotated Section 41-17-1 (Supp. 2003) provides that East Mississippi State Hospital and the Mississippi State Hospital at Whitfield are established to provide mental health care and treatment “free of charge,” neither this statute nor any of the commitment statutes require payment by Kemper County or prevent the chancellor from committing a person to a private “treatment facility” where the costs will be paid by private insurance. Here, the chancellor correctly addressed the temporary commitment of Bauman, the payment of costs and expenses that would be incurred, and arrived at a reasonable alternative for Bauman’s temporary accommodation.
¶ 33. Further, I am of the opinion that Mississippi Code Annotated Section 41-17-1 does not prohibit East Mississippi State Hospital or the Mississippi State Hospital at Whitfield from receiving benefits that are owed by private insurance companies under existing contracts of insurance. Such benefits are paid for by the beneficiary under the terms of a contract of insurance, and the insurance company should not escape its obligation to make a payment of benefits due solely to the charity and benevolence of the citizens of the State of Mississippi by establishing these public mental health facilities.
¶ 34. For these reasons, I dissent.
SOUTHWICK, P.J., AND CHANDLER, J„ JOIN THIS SEPARATE OPINION.